## *In re* HUDDELL *et al.*[1]

### (*Circuit Court, E. D. Pennsylvania.* May 27, 1891.)

1. ASSIGNEES IN BANKRUPTCY—JUDGMENT LIEN.
     Assignees in bankruptcy can assert only the rights of the bankrupt, and hence the lien of a judgment is of unlimited duration against them.
2. SAME—REVIVAL OF JUDGMENT.
     Assignees in bankruptcy are not terre-tenants, who must have notice of revival of a judgment.
3. SAME—SALE OF LAND.
     Where land of a bankrupt's estate has been sold by the assignees in bankruptcy for cash, but a part only of the consideration was paid down, the remainder being paid in installments, the conversion of the land into money as against the assignees may be held to have taken place at the time of the sale, although the assignees in bankruptcy held the legal title until the installments were all paid.
4. SAME—INTEREST ON JUDGMENT.
     Simple interest may be allowed on an original judgment even when there has been a conversion of the bankrupt's real estate, when the fund obtained has yielded interest.

In Bankruptcy. Exceptions to register's report. Appeal of Philadelphia & Reading Railroad and assignees in bankruptcy from decree of the district court.

A sale was made in 1877 of the real estate of the bankrupt, but, on account of the failure of the vendee to pay down the full consideration, the legal title was retained in the hands of the assignees until complete payment was made.

*Sydney G. Fisher* and *Frank Rawle*, for general creditors.

*Chas. T. Heebner*, for Philadelphia & R. R.

*W. Wilkins Carr*, Asst. U. S. Atty.

ACHESON, J. Upon any view of the case permissible under the authorities the decree of the district court must be affirmed.

1. In this contest the assignees in bankruptcy stand upon and can assert the rights only of the bankrupt, Seitzinger. *Stewart* v. *Platt*, 101 U. S. 731, 739. Now, it is the settled law of Pennsylvania that the statute which restricts the lien of a judgment to five years operates only in favor of purchasers from the debtor and judgment creditors, and as to every one else the lien is of unlimited duration. *Aurand's Appeal*, 34 Pa. St. 151; *Brown's Appeal*, 91 Pa. St. 485. Hence the lien of the several judgments here in question, as against the judgment debtor and his assignees in bankruptcy, was without limit.

2. But in fact revivals took place by service of the writs of *sci. fa.* upon the defendant in the judgments; and such revivals were good, without notice to the assignees in bankruptcy, who were not terre-tenants within the meaning of the statute. *In re Fulton's Estate*, 51 Pa. St. 212, 213; *Wrigley* v. *Whitaker*, 2 Wkly. Notes Cas. 420; *Lazear* v. *Porter*, 87 Pa. St. 516.

[1] Reported by Mark Wilks Collett, Esq., of the Philadelphia bar.

3. Under the peculiar circumstances of this case, the conversion of land into money may well be regarded as having been fully accomplished, as against the assignees in bankruptcy, in the year 1877. The action of the register in allowing interest only upon the amount of the several original judgments was in accordance with the established practice in bankruptcy, and correct. I may add that, even upon the theory of a conversion in 1877, no just objection can be made to the allowance of interest to the judgment creditor, the fund having yielded interest.